UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
PAIMAI BENOIT,

                         Plaintiff,

      -against-

THE CITY OF NEW YORK,
DETECTIVE ALEXANDROS KALOGIROS (TAX 936837),
POLICE OFFICER BRIAN DAVIS (TAX 934720),
and JOHN DOE,

                         Defendants.
------------------------------------------------------------------------------X

13 CV 1228 (ILG) (MDG)

**FIRST AMENDED COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, **PAIMAI BENOIT**, by and through his attorneys, **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, PAIMAI BENOIT, seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367 and 42, this being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

1

3. Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4. The plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

## VENUE

5. Venue herein is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff has filed a Notice of Claim with the Comptroller of the City of New York for malicious prosecution within 90 days of the dismissal of his charges complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

7. Plaintiff, pursuant to General Municipal Law 50(h), was produced for a statutory hearing; this action is commenced within one year and ninety days from the date the pendent claim herein accrued.

## JURY TRIAL DEMAND

8. Plaintiff hereby demands a trial by jury of all issues in this action that are triable.

2

## PARTIES

9. Plaintiff, PAIMAI BENOIT, is an adult male and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Queens.

10. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. Defendant, THE CITY OF NEW YORK, is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant, THE CITY OF NEW YORK, assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

12. Defendant, Detective Alexandros Kalogiros (TAX 936837) (hereinafter, "DEFENDANT KALOGIROS"), is and was at all times relevant herein, a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK. Upon information and belief, Defendant Kalogiros is currently assigned to the Narcotics Borough Manhattan North of the New York City Police Department. Defendant Kalogiros is and was at all times relevant herein, acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant, THE CITY OF NEW YORK. Defendants Kalogiros was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and

engaging in conduct incidental to the performance of his lawful functions in the course of his duties. Defendants Kalogiros is sued herein in his official and individual capacities.

13. Defendant, Police Officer Brian Davis (TAX 934720) (hereinafter, "DEFENDANT DAVIS"), is and was at all times relevant herein, a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK. Upon information and belief, Defendant Davis is currently assigned to the 113th Precinct of the New York City Police Department. Defendant Davis is and was at all times relevant herein, acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant, THE CITY OF NEW YORK. Defendant Davis was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. Defendants Davis is sued herein in his official and individual capacities.

14. Defendant, JOHN DOE (hereinafter, "THE DOE DEFENDANT"), is and was at all times relevant herein, a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK. The Doe Defendant is and was at all times relevant herein, acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant, THE CITY OF NEW YORK. The Doe Defendant was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct

incidental to the performance of his lawful functions in the course of hisduties. The Doe Defendant is sued herein in his official and individual capacities.

## STATEMENT OF FACTS

15. On April 8, 2010, at approximately 8:45 pm, in the County of Queens, City and State of New York, plaintiff was lawfully driving at or near 115th Avenue and 194th Street when he was pulled over by defendants Kalogiros, Davis and John Doe.

16. Plaintiff was not engaged in any suspicious or unlawful activity and at all times complied with the defendants' requests.

17. Without any legal basis or justification for doing so, defendants approached the plaintiff once he was pulled over.

18. Defendants asked plaintiff for his license and registration, and plaintiff complied with their directives.

19. Without any legal basis or justification for doing so, the defendants then directed plaintiff to exit his vehicle, to which he complied.

20. Despite the fact that the plaintiff was lawfully driving, and was not engaged in any unlawful or suspicious activity, the individually named defendants proceeded to frisk plaintiff and search his vehicle, including the trunk and glove box.

21. These searches yielded no evidence of guns, drugs, or contraband.

22. Although there was no legal basis to do so, defendants Kalogiros, Davis and John Doe continued to search the vehicle multiple times.

23. Despite the absence of any evidence of wrongdoing on the part of the plaintiff, the defendants applied excessively tight handcuffs to the plaintiff and formally arrested him.

24. The plaintiff was not engaged in any suspicious or illegal conduct and complied with the defendants' requests.

25. Plaintiff was then taken to the 113th Precinct, where he was held for several hours.

26. Plaintiff was then taken to Queens County Central Booking where he was held for several more hours.

27. Plaintiff was eventually arraigned on a criminal complaint sworn to by defendant Kalogiros, and was released with a future court date to return.

28. The criminal complaint was sworn to and made on the basis of allegations given by Defendant Kalogiros.

29. Specifically, in the sworn criminal complaint, defendant Kalogiros falsely stated that Mr. Benoit failed to signal when making a turn and that he was in possession of a gravity knife.

30. Plaintiff was prosecuted pursuant to this complaint and other sworn statements made by the individually named defendants over the course of several years before the charges against him were dismissed.

31. The factual allegations sworn to by the individually named defendants, including defendant Kalogiros, against the plaintiff were materially false and deliberately made to justify the illegal search, arrest, and excessive force perpetrated by the defendants against plaintiff.

32. It was objectively unreasonable for the defendants to arrest the plaintiff, as there was no evidence that he had engaged in any unlawful conduct, including the conduct alleged by the defendants.

33. At no time prior to or during the encounter and/or arrest did there exist any probable or otherwise legally sufficient cause to seize or arrest the plaintiff, nor could the individually named defendants have reasonably believed that such cause existed.

34. At no time did there exist any basis to use any level of force against the plaintiff, much less the force actually employed, nor could any of the individually named defendants have reasonably believed that such force was reasonable, lawful, appropriate, or necessary.

35. At no time prior to or during the encounter was there sufficient legal cause to believe that plaintiff was engaged in any unlawful or suspicious activity.

36. At no time did any of the defendants take steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the individually named defendants against the plaintiff.

37. The defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein.

38. At all times relevant herein, the individually named defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests without legal justification or excuse.

### AS AND FOR A FIRST CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983
### BY THE INDIVIDUAL DEFENDANTS

39. Plaintiff, PAIMAI BENOIT, repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

40. By their conduct and actions in arresting, imprisoning, failing to intercede on behalf of PAIMAI BENOIT, and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of other defendants, the individually named defendants, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to and/or a reckless disregard for the natural and

probable consequences of their acts, caused the plaintiff to be unlawfully subjected to excessive and unreasonable force and false arrest, malicious prosecution, and caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

41. As a result of the foregoing, the plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SECOND CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 BY
### THE CITY OF NEW YORK

42. Plaintiff, PAIMAI BENOIT, repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

43. At all times material to this complaint, defendant, THE CITY OF NEW YORK, acting through its police department, and through the individually named defendants had in effect actual and/or *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct alleged of the individual defendants.

44. At all times material to this complaint, defendant, THE CITY OF NEW YORK, failed to properly train, screen, supervise or discipline its employees and police officers, including the individually named defendants, concerning the correct practices in having probable cause and/or reasonable suspicion to detain a person, and then permit detention, inflict abuse and excessive force upon said person, batter and assault and sustain a false arrest, thereby

permitting the individually named defendants to be in a position to violate the plaintiff's rights.

45. Defendant Kalogiros has been sued at least three previous times for civil rights violations involving false arrest, excessive force, and fabrication of evidence. See Goodman v. The City of New York, et al., 9 CV 03818 (RRM) (RER); see also Toussaint v. The City of New York, at al., 10 CV 02221 (ARR) (RML); see also McGibbon v. The City of New York, et al., 12 CV 02638 (WFK) (RLM).

46. Defendant Davis has been sued at least one previous time for civil rights violations involving false arrest, excessive force, and fabrication of evidence. See McGibbon v. The City of New York, et al., 12 CV 02638 (WFK) (RLM).

47. Defendant, THE CITY OF NEW YORK, being aware that such lack of training, supervision, and discipline leads to improper conduct by its employee police officers, including the defendants named herein, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline. Defendant, THE CITY OF NEW YORK, is aware of the persistent and substantial risk of improper and incorrect arrest and detention, and effective training, supervision, and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens and which are officially tolerated by defendant, THE CITY OF NEW YORK. Such policies, practices, customs or usages were the direct and proximate cause of the harm to the plaintiff, in violation of plaintiff's rights as guaranteed by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

48. Defendant, THE CITY OF NEW YORK, was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the New York City Police Department.

49. The aforementioned customs, practices, procedures, and rules of the City and the NYPD are listed below in the following, non-exhaustive list of unconstitutional actions:

     a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

     b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

     c. Discouraging police officers from reporting the corrupt or unlawful acts of others;

     d. Retaliating against officers who report police misconduct; and

     e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

50. The existence of unconstitutional customs and policies, including those detailed herein, may be inferred from repeated occurrences of similar unconstitutional, illegal, and wrongful conduct, as documented in numerous civil actions, including, but not limited to, the following:

     a. *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.);

     b. *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

     c. *Zabala v. City of NewYork,* 37711/2010 (Sup. Ct. Kings Co.);

     d. *Ashe v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

     e. *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

     f. *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.);

    g.  *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (S.D.N.Y.);

    h.  *Carmody v. City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

    i.  *McMillan v. City of New York*, 04-CV-3990 (FB) (RML) (E.D.N.Y.);

    j.  *Avent v. City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.).

In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anectodal evidence of repeated, widespread falsification by arresting police officer of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration – through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department – there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city of the illegal conduct of the kind now charged.

51. It is therefore axiomatic that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

52. Defendant, THE CITY OF NEW YORK, had actual or constructive knowledge that there was inadequate supervision over and/or within the New York City Police Department with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and rules and regulations of the New York City Police Department. Despite ample notice of inadequate

supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that New York City Police Department members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

53. Defendant, THE CITY OF NEW YORK, deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its New York Police Department employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, a New York City Police Department policy, practice, and custom of utilizing illegal and impermissible searches, arrests, detentions, and the manufacturing of evidence, in the ordinary course of New York City Police Department business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

54. As a direct result of the individually named defendants' actions, the plaintiff suffered a denial of his federal statutory rights, constitutional rights and privileges. Such deprivations were in violation of the rights secured to the plaintiff by the Fourth and Fourteenth Amendments of the United States Constitution and by Title 42 U.S.C.A § 1983.

55. As a result of the foregoing, the plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR MALICIOUS PROSECUTION
### PURSUANT TO STATE LAW

56. Plaintiff, PAIMAI BENOIT, repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

57. That at all times hereinafter mentioned, defendant, THE CITY OF NEW YORK, assumed responsibility supervision, and authority over the New York City Police Department and, its agents, servants and employees, and is liable to the plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

58. That, pursuant to the false allegations sworn to and made on the basis of statement given by the individual defendants, the plaintiff was prosecuted over the course of several years without probable cause and without any legal basis.

59. Plaintiff was maliciously prosecuted, in part, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the New York City Police Department, who also falsely arrested and imprisoned the plaintiff without warrant, authority of law or probable cause therefore.

60. That the acts and conduct on the part of the individually named defendants constituting malicious prosecution consisted in part of the following; unlawfully and intentionally commencing criminal process against plaintiff without any legal basis; unlawfully and intentionally swearing out statements pursuant to which plaintiff was arraigned and

prosecuted; failing to file accurate and corrective statements; and committing such other acts resulting in the unlawful arrest and imprisonment of the plaintiff.

61. At all times hereinafter mentioned, the prosecution of plaintiff was not otherwise privileged.

62. As a direct, sole, and proximate result of the malicious prosecution, the plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

63. By the actions described above, the individually named defendants and THE CITY OF NEW YORK caused plaintiff to maliciously prosecuted, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

64. As a result of the foregoing, the plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FOURTH CAUSE OF ACTION
### NEGLIGENCE

65. Plaintiff, PAIMAI BENOIT, repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

66. The individually named defendants negligently caused injuries, emotional distress, and damage to the plaintiff. The acts and conduct of the individually named defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

67. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR AN FIFTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

68. Plaintiff, PAIMAI BENOIT, repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

69. Defendant, THE CITY OF NEW YORK, negligently hired, screened, retained, supervised, and trained the individually named defendants named herein. The acts and conduct of the individually named defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

70. As a result of the foregoing, the plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR AN SIXTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL HARM

71. Plaintiff, PAIMAI BENOIT, repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

72. The individually named defendants negligently caused emotional distress and damage to the plaintiff.  The acts and conduct of the individually named defendants were the direct and proximate cause of emotional injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

73. As a result of the foregoing, the plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

74. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION (1,000,000.00) DOLLARS and that an award of attorney's fees is appropriate pursuant to 42 USC § 1988.

**WHEREFORE**, the plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empanelling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorneys' fees;

    e. Such other further relief as this court may deem appropriate and equitable.

Dated: New York, New York
       July 22, 2013

                Respectfully submitted,

                **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
                *Counsel for the Plaintiff*

                        /s/
        By:    JESSICA MASSIMI, Esq. (JM-2920)
                80 Maiden Lane, 12th Floor
                New York, New York 10038
                (212) 962-1020
                File No.: 19505